# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:18-CR-00228-01 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| ROBERT E. ROBINSON | MAG. JUDGE KAREN L. HAYES |

## RULING

Pending before the Court is a Motion to Vacate, Set Aside, or Correct Sentence [Doc. No. 40], filed by Defendant Robert E. Robinson on May 11, 2020, pursuant to 28 U.S.C. § 2255. For reasons stated below, the motion is denied.

## Background

On or about August 23, 2018, a federal grand jury returned a five- count Indictment charging Robinson with distribution of marijuana (Counts 1 and 2), possessing a firearm after having previously been convicted of a felony (Count 3), possession with intent to distribute marijuana (Count 4), and possession of a firearm in furtherance of a drug-trafficking crime (Count 5).  [Doc. No. 1].

On January 22, 2019, Robinson was arrested and made an initial appearance before Magistrate Judge Hayes.  [Doc. No. 9].  He was appointed counsel at that time.

On January 25, 2019, Robinson, represented by Walter M. Caldwell, IV, was arraigned. He entered a plea of not guilty, waived his rights to a speedy trial, and requested Rule 16 discovery from the Government.

On June 5, 2019,  Robinson, again represented by counsel, pled guilty to Count 4,

charging him with possession with intent to distribute marijuana, and Count 5, charging him with possession of a firearm in furtherance of a drug-trafficking crime. Under a plea agreement, the Government agreed to move for the dismissal of the remaining counts at the time of sentencing. Robinson also agreed to forfeit his interest in the identified firearms and ammunition. The Government presented a written factual basis in support of the plea, and Robinson signed the factual basis, as well as agreeing in open court that the factual basis was correct.

On August 19, 2019, after reviewing the Pre-Sentence Report and considering the submissions of counsel, the Court sentenced Robinson to serve 12 months imprisonment on Count 4 and to serve the statutory minimum sentence of 60 months on Count 5, to run consecutively to Count 4. [Doc. No. 34]. The Court dismissed the remaining counts. *Id.*

Robinson did not file a direct appeal of his conviction or sentence in this matter.

However, on May 11, 2020, Robinson filed the instant motion. His sole ground for the motion is a challenge to the legality and constitutionality of federal law criminalizing the possession, use, or sale of marijuana.

**Law and Analysis**

Review under Section 2255 is limited to four grounds: whether (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

A collateral challenge may not be used as a substitute for direct appeal. U*nited States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). Therefore, once a petitioner's chance to appeal has been exhausted, courts are "entitled

2

to presume that [the defendant] stands fairly and finally convicted." *Frady*, 456 U.S. at 164.

## I. Constitutional Claims

Robinson raises only one ground for relief:

> Mr. Robinson is in custody in violation of Amendments IV and V of the Constitution of the United States; He is being deprived of his liberty, without compelling government reasons for congress to proscribe marijuana as a controlled dangerous substance, therefore without due process of law.

[Doc. No. 40]. Thus, in the present case, Robinson asserts that his Fourth Amendment rights, prohibiting unlawful searches and seizures, and his Fifth Amendment Due Process rights are being violated by his continued detention for a marijuana conviction. His constitutional claims are cognizable under § 2255.

For his supporting "facts," he states:

1. Liberty, freedom from physical restraint, IS a constitutional right.

2. Marijuana is NOT a constitutional right.

3. Marijuana is federally classified as a controlled dangerous substance.

4. The operation and effect of federal prosecution in the enforcement of 21 U.S.C. §846, was the seizure of Mr. Robinson's person and deprivation of his constitutional right of liberty by the bounds of prison.

5. Marijuana is not a dangerous, lethal substance for personal consumption. Marijuana has proven to be safe to use by adults without medical supervision. No one has died from overdosing by smoking marijuana.

6. A reasonable regulated interstate commerce of this property, marijuana, does not present a substantial threat to the rights of others, to public safety or health, requiring the use of federal police power.

7. Mr. Robinson plead guilty, was convicted, deprived of his liberty, without compelling government reasons for a victimless crime.

8. Ground One is not about selective, arbitrary enforcement violating due process of law.

      9.      Being illegal is a threat to public safety.

[Doc. No. 40].

First, while Robinson's claims are cognizable under §2255, a petitioner who failed to raise these claims on direct appeal must show cause for his procedural default and actual prejudice suffered as a result of the error.[1] *See United States v. Samuels*, 59 F.3d. 526, 528 (5th Cir. 1995) ("[O]n collateral attack, a defendant is limited to alleging errors of a "constitutional or jurisdictional magnitude" . . . . Also, a defendant is required to show both cause for the procedural default in not raising the issue on direct appeal and some form of actual prejudice that he suffered as a result of the error."); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996).    In his motion, Robinson has made no allegations which provide cause for his failure to file a direct appeal and raise this issue there or what prejudice he has suffered as a result of the error.   On these bases alone, Robinson's motion should be denied.

Second, even if Robinson could establish cause and prejudice, his constitutional challenge would fail.   The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated  . . . ."  U.S. CONST., AMEND. IV.  As the Supreme Court "has always recognized, 'No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law.'" *Terry v. Ohio*, 392

---

[1] There is a narrow exception to the "cause and actual prejudice" requirement in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).   However, the Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of justice" that would result in the continued incarceration of an innocent person. *Id.* (citing *Smith v. Murray*, 477 U.S. 527, 537 (1986)).

4

U.S. 1, 8–9 (quoting *Union Pac. R. Co. v. Botsford*, 141 U.S. 250, 251 (1891)). "The Fourth Amendment . . . 'always has been thought to define' the appropriate process 'for seizures of person[s] . . . in criminal cases, including the detention of suspects pending trial.'" *Manuel v. City of Joliet, Ill.,* 137 S. Ct. 911, 917 (2017) (quoting *Gerstein v. Pugh,* 420 U.S. 103, 125, n. 27) (1975)). "Accordingly, those detained prior to trial without [a probable cause] finding could appeal to 'the Fourth Amendment's protection against unfounded invasions of liberty.'" *Id.* (quoting Gerstein, 420 U.S. at 112). However, "once a trial has occurred, the Fourth Amendment drops out: A person challenging the sufficiency of the evidence to support both a conviction and any ensuing incarceration does so under the Due Process Clause." *Id.* at 920, n.8.

Robinson does not allege that officers lacked probable cause to arrest him, and he was arrested pursuant to a properly issued warrant. Nor does he allege that his pre-trial process was constitutionally deficient in any other way. Rather, Robinson challenges the law under which he was convicted and his incarceration subject to that law. Under these circumstances, the Fourth Amendment provides no basis for his claim.

However, Robinson has also asserted his claims under the Fifth Amendment. The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property without due process of law ..." U.S. CONST., AMEND. V.

Under 21 U.S.C. § 812, marijuana is a Schedule I controlled substance, "meaning that—as far as Congress is concerned—marijuana has no currently accepted medical use in treatment, and there is a lack of accepted safety for use of the . . . substance under medical supervision." *Wilson v. Lynch*, 835 F.3d 1083, 1099 (9th Cir. 2016) (rejecting plaintiff's assertion that

5

"because a medical recommendation must be obtained to receive a marijuana registry card, a holder of a registry card who uses marijuana has not used a controlled substance in a manner other than as prescribed by a licensed physician," and is thus a lawful user.) (citing 21 U.S.C. § 812(b)(1)(B) & (C)).  Claims such as those raised by Robinson have been raised by other prisoners throughout the United States and have been uniformly rejected.  *See United States v. Zachariah*, No. SA-16-CR-694-XR, 2018 WL 3017362, at *2 (W.D. Tex. June 15, 2018) (collecting cases and rejecting Defendant's argument that persons can legally possess or use marijuana in 29 of the 50 states, that the federal government has refused to preempt state laws in this arena, and "this creates a state of affairs where a person faces no prosecution in the state courts, but faces prosecution in the federal courts, creating a violation of the Due Process Clause of the Fifth Amendment."); s*ee, e.g., United States v. Canori*, 737 F.3d 181, 184–85 (2d Cir. 2013) ("Marijuana remains illegal under federal law, even in those states in which medical marijuana has been legalized."); *James v. City of Costa Mesa*, 700 F.3d 394, 405 (9th Cir. 2012) ("Local decriminalization notwithstanding, the unambiguous federal prohibitions on medical marijuana . . . continue to apply"); *United States v. White*, No. 12-cr-03045, 2016 WL 4473803, at *2 (W.D. Mo. Aug. 23, 2016) ("even if the [Missouri] Right to Farm Amendment did decriminalize the manufacture of marijuana ..., pursuant to the Supremacy Clause of the United States Constitution, the Right to Farm Amendment would have no effect on the validity and enforceability of federal statutes such as the Controlled Substances Act ("CSA")."); *United States v. Olea*, No. CR 14-10304-DPW, 2016 WL 8730167, at *5 (D. Mass. Aug. 12, 2016) ("even assuming that he was a licensed marijuana grower, his due process argument is equally without force" because Congress has the authority to prohibit marijuana distribution); *United*

*States v. Pickard*, 100 F. Supp. 3d 981, 1010 (E.D. Cal. 2015) (no violation of defendants' equal protection rights); *United States v. Trujillo,* No. CR-13-2109-FVS-1, 2014 WL 3697796, at *1 (E.D. Wash. July 24, 2014) (rejecting fundamental right to grow marijuana for medical purposes argument and substantive component of the Due Process Clause of the Fifth Amendment argument).

Further, the Government need not offer "compelling" reasons for prosecution of Robinson's marijuana offenses because there is no fundamental right to possess, use, or distribute marijuana. *See Raich v. Gonzalez,* 500 F.3d 850, 866 (9th Cir.2007) ("[F]ederal law does not recognize a fundamental right to use medical marijuana prescribed by a licensed physician . . . .").

Traditional rational basis review applies to the Controlled Substance Act and, specifically in this case, to Congress' actions in making the possession of marijuana with the intent to distribute a crime under Schedule I of the Act. *See FCC v. Beach Commc'ns, Inc.,* 508 U.S. 307, 313–14 (1993); *see also Torres v. Chapman*, 359 F. App'x 459, 462 (5th Cir. 2009) ("In absence of the showing of a fundamental right or membership in a suspect class, we employ only 'rational-basis' review."). "[G]overnment action comports with substantive due process if the action is rationally related to a legitimate governmental interest." *FM Prop. Operating Co. v. City of Austin*, 93 F.3d 167, 174 (5th Cir. 1996)). "Rational basis is a notoriously deferential standard." *Reyes v. N. Texas Tollway Auth.*, (NTTA), 861 F.3d 558, 561–62 (5th Cir. 2017).

Under that deferential standard, the Court finds that the Controlled Substances Act, and, particularly, the provision on the criminalization of marijuana, survive a Fifth Amendment challenge. As one district court has explained:

7

> Congress's stated purpose for the passage of the [Controlled Substances Act] was public health and safety. One need only review the [Drug Enforcement Agency's] most recent denial of a petition to reschedule to recognize the continuing public health and safety issues associated with marijuana use—it "induces various psychoactive effects that can lead to behavioral impairment," Denial of Petition to Initiate Proceedings to Reschedule Marijuana, 81 Fed. Reg. 53,767, 53,774 (Aug. 12, 2016); it can result in a "decrease in IQ and general neuropsychological performance" for those who commence using it as adolescents, *id.;* it may result in adverse impacts on children who were subjected to prenatal marijuana exposure, *id.* at 53,775; it "is the most commonly used illicit drug among Americans aged 12 years and older," id. at 53,770; and its use can cause recurrent problems related to family, school, and work, including repeated absences at work and neglect of family obligations, *id.* at 53,783–84.
>
> Even if there is a legitimate medical purpose associated with marijuana, under the rational basis standard of review, there are numerous conceivable public health and safety grounds that could justify Congress's and the DEA's continued regulation of marijuana as a Schedule I controlled substance. Under no reasonable view of the facts could it be concluded that it is irrational for Congress to continue to regulate marijuana in the manner which it has, and for the DEA to continue to adhere to a Schedule I classification for marijuana.

*United States v. Green*, 222 F. Supp. 3d 267, 279 (W.D.N.Y. 2016).

The Court agrees with the courts which have rejected claims such as those raised by Robinson.[2] The Controlled Substances Act is a valid federal law prohibiting Robinson's conduct in possessing marijuana with the intent to distribute it, Robinson plead guilty under that law, and he was properly sentenced. Accordingly, his conviction and sentence are valid, and the Fifth Amendment offers him no relief.

## II. Evidentiary Hearing

"'A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.'"

---

[2]Challenges have been raised under both the Equal Protection and substantive Due Process Clauses of the Fifth Amendment, but the Court finds that under either clause the Controlled Substances Act, and the classification of marijuana under that Act, survives rational basis review.

8

United States v. Harrison, 910 F.3d 824, 825 (5th Cir. 2018), as revised (Dec. 19, 2018) (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008)) (other citations and quotations omitted); *see also United States v. Green*, 882 F.2d 999, 1008 (5th Cir. 1989) (An evidentiary hearing on a §2255 motion is unnecessary if the defendant's claims are "either contrary to law or plainly refuted by the record."); *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (" If the record is clearly adequate to dispose fairly of the allegations, the court need inquire no further.").

In this case, Robinson raises a purely legal argument, and no hearing is necessary.

## Conclusion

For the foregoing reasons, Robinson's Motion to Vacate, Set Aside, or Correct Sentence [Doc. No. 40] is DENIED AND DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this 13th day of May, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE