UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 18-cr-00228-01 |
| v. ) | |
| ) | JUDGE DOUGHTY |
| ROBERT E. ROBINSON, ) | MAGISTRATE JUDGE HAYES |
| ) | |
| Defendant. ) | |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)**

Robert E. Robinson ("Robinson"), by and through the undersigned counsel, respectfully submits this Supplemental Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). In support thereof, Robinson offers the following:

### I. BACKGROUND

On May 18, 2020, Robinson filed a *pro se* letter motion requesting compassionate release and/or home confinement based on his deteriorating health and the COVID-19 pandemic. (Docket Entry "DE" 46). Construing Robinson's letter as a motion for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A), the Government was ordered to respond. (DE 47). On May 28, 2020, the Government filed its Response in Opposition. (DE 53). The Government's opposition is based on its assertion that Robinson "has not exhausted his administrative remedies as to this COVID-19 based request"

and that the Court does not have jurisdiction to release Robinson to home confinement. (DE 53 at 1).

Thereafter, the undersigned counsel moved to appear on behalf of Robinson *pro hac vice*, which was granted on June 1, 2020. (DE 54 & 55). The same day, the Court entered a minute entry granting Robinson leave to file a supplemental memorandum or reply brief. (DE 56). This Supplemental Memorandum in Support of Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) follows.

## II. APPLICABLE LAW

The First Step Act of 2018 modified 18 U.S.C. § 3582(c) to read as follows:

> (c) Modification of an Imposed Term of Imprisonment.–The court may not modify a term of imprisonment once it has been imposed except that—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it find that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which

2

>  the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

As many district courts have noted post-Fair Sentencing Act, "Congress has not specified the circumstances that qualify as 'extraordinary and compelling reasons' except to state that a reduction pursuant to this provision must be 'consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Bucci*, No. CR 04-10194-WGY, 2019 WL 5075964, at *1 (D. Mass. Sept. 16, 2019). The applicable policy statement of the Sentencing Commission can be found at U.S.S.G. § 1B1.13, which its commentary states:

> 1. Extraordinary and Compelling Reasons.–Provided the defendant meets the requirements of subdivision (2) [not a danger to society], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
>> (A) Medical Condition of the Defendant.–
>>
>>> (i) The defendant is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (*i.e.*, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>>
>>> (ii) The defendant is—

3

>> (I) suffering from a serious physical or medical condition,
>
>> (II) suffering from a serious functional or cognitive impairment, or
>
>> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.–The defendant (i) is at least 65 years old; (ii) is experiencing serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (c) Family Circumstances.–
>
>> (i) The death or incapacitation of a caregiver of the defendant's minor child or minor children.
>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.–As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13.

Since the enactment of the First Step Act, district courts across the country have found and given various meanings to the term "extraordinary and compelling." *See, e.g.*, *United States v. Ebbers*, No. S402CR11443VEC, 2020 WL 91399 (S.D.N.Y. Jan. 8, 2020) ("The rapid decline [in health]

4

coupled with Ebbers's age present 'extraordinary and compelling reasons"); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019) (concluding that the stacking provision of 18 § 924(c) constitutes extraordinary and compelling reason for reduction in sentence after the First Step Act); *United States v. Bucci*, No. CR 04-10194-WGY, 2019 WL 5075964 (D. Mass. Sept. 16, 2019) (finding the defendant's role as the only potential caregiver to his ailing mother extraordinary and compelling reason for compassionate release); and *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL 2716505 (M.D.N.C. June 28, 2019) ("Ms. Beck's invasive cancer and the abysmal health care BoP has provided qualify as 'extraordinary and compelling reasons' warranting a reduction in her sentence to time served.").

### III. JURISDICTION

This Court has proper jurisdiction pursuant to 18 U.S.C. § 3582(c)(1)(A). Robinson submitted his initial request for compassionate release to the warden of MCFP Springfield under Bureau of Prisons Program Statement 5050.50 on January 3, 2020. (DE 53-1). Robinson sought compassionate release based on debilitating medical conditions including: diabetes, stage five kidney disease, dialysis and heart issues. *Id*. Robinson's request was denied by the warden on February 27, 2020. Robinson has since engaged in the administrative remedy process.

However, the Government argues that this Court lacks jurisdiction because Robinson's compassionate release request to the warden did not cite

5

COVID-19 as grounds for release. In doing so, the Government highlights a significant split among district courts on whether district courts may consider additional evidence and arguments that arise after the initial compassionate release request and the filing of a § 3582(c)(1)(A) motion. (DE 53 at 7-8, n. 2).

This Court has jurisdiction because more than 30 days have elapsed since Robinson's initial request for compassionate release. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Montez*, No. 15-CR-122-FPG, 2020 WL 2183093, at *2 (W.D.N.Y. May 5, 2020) ("Section 3582(c)(1)(A)'s language is clear: the only exception to the exhaustion requirement is the thirty-day backstop"); *United States v. Kelly*, No. 3:13-CR-59-CWR-LRA-2, 2020 WL 2104241, at *5 (S.D. Miss. May 1, 2020) (the defendant may "'bypass the administrative process' by filing a request with the warden and waiting 30 days.").

Thus, the Court may–at the very least–consider his request for compassionate release based on his medical conditions. However, nothing in the statute precludes the Court from considering factors that arise after the initial compassionate release request and after the 30-day wait period elapses. Rather, numerous district courts have acknowledged that failure to cite COVID-19 in a request for compassionate release is the equivalent of failure to exhaust one's administrative remedies:

> Defendant argues, and the Government agrees, that Defendant has exhausted her administrative remedies based on her February 17, 2020 request for compassionate release. The Court agrees. *While the February 17, 2020 request did not cite COVID-19, the Court finds that*

6

> *Defendant has exhausted her administrative remedies because more than thirty days have lapsed since she petitioned the warden for a commutation or reduction in sentence.*

*United States v. Diep Thi Vo*, No. 15-CR-00310-BLF-2, 2020 WL 2300101, at *2 (N.D. Cal. May 7, 2020); *see also United States v. Gil*, No. 90-CR-306 (KMW), 2020 WL 2611872, at *2 (S.D.N.Y. May 22, 2020) ("Defendant's motion is properly before the Court because Defendant has exhausted his administrative remedies with the BOP. The Court takes into account the argument, raised in Defendant's supplemental submission to the Court, that Defendant's age and medical conditions place him at serious risk from the COVID-19 pandemic").

Accordingly, the Court need not turn a blind eye to the severity of the COVID-19 pandemic currently spreading throughout federal prisons solely because Robinson filed his compassionate release request prior to any cases being reported within the BOP.

### IV. A REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) IS WARRANTED

Robinson is 46-years-old and diagnosed with stage five kidney disease, heart problems, and diabetes. His current anticipated release date is February 29, 2024. To compound his medical issues, the recent outbreak of COVID-19 within the BOP institutions means that Robinson is at significant risk of illness or death. According to the Center for Disease Control ("CDC"), people of any age who suffer from the following have an elevated risk: chronic lung disease or moderate to severe asthma; serious heart conditions;

7

conditions that can cause a person to be immunocompromised, including cancer treatment, smoking, bone marrow or organ transplantation, immune deficiencies, poorly controlled HIV or AIDS, and prolonged use of corticosteroids and other immune weakening medications; severe obesity; diabetes; chronic kidney disease or undergoing dialysis; or liver disease.[1]

With Robinson's medical conditions, contracting COVID-19 could very well prove to be fatal. As of June 3, 2020, 1,956 federal inmates and 176 BOP staff have confirmed positive test results for COVID-19 nationwide.[2] Tragically, the BOP has reported at least 72 federal inmates and 1 BOP staff who have died due to COVID-19. *Id.* Further, those numbers may very well be underreported, as courts have noted that "this figure is a function of testing and most prisons and jails are only testing inmates with symptoms." *United States v. Diep Thi Vo*, 2020 WL 2300101, at *2 (N.D. Cal. May 7, 2020).

Given COVID-19's recent surge in the federal prison system, numerous district courts have granted inmates' compassionate release requests based on the dangers of the pandemic. *See United States v. Foster*, No. 1:14-cr-324-02 (M.D. Pa. Apr. 3, 2020) ("The circumstances faced by our prison system

---

[1] Centers for Disease Control and Prevention, *Groups at Higher Risk for Severe Illness*, https://bit.ly/3dYDrqI; *Coronavirus disease (COVID-19) advice for the public: Myth busters,* World Health Organization, https://cutt.ly/dtEiCyc ("Older people, and people with pre-existing medical conditions (such as asthma, diabetes, heart disease) appear to be more vulnerable to becoming severely ill with the virus.").

[2] https://www.bop.gov/coronavirus/

8

during this highly contagious, potentially fatal global pandemic are unprecedented. It is no stretch to call this environment 'extraordinary and compelling,' and we all believe that, should we not reduce Defendant's sentence, Defendant has a high likelihood of contracting COVID-19 from which he would "not expected to recover." USSG SS 1B1.13. No rationale is more compelling or extraordinary."); *United States v. Colvin*, No. 3:19-cr-179 (JBA), 2020 WL 1613943 (D. Conn. Apr. 2, 2020) ("She has diabetes, a 'serious … medical condition,' which substantially increases her risk of severe illness if she contracts COVID-19…. Defendant is 'unable to provide self-care within the environment of FDC Philadelphia in light of the ongoing and growing COVID-19 pandemic because she is unable to practice effective social distancing and hygiene to minimize her risk of exposure, and if she did develop complications, she would be unable to access her team of doctors at Bridgeport Hospital. In light of the expectation that the COVID-19 pandemic will continue to grow and spread over the next several weeks, the Court concludes that the risk faced by Defendant will be minimized by her immediate release to home, where she will quarantine herself."); *United States v. Brannan*, No. 4:15-cr-80-01 (S.D. Tx. Apr. 2, 2020) (emergency motion was granted same day of filing for prisoner who had served 9 months of a 36-month sentence for fraud at FCI Oakdale and had not exhausted BOP remedies); *United States v. Resnik*, No. 1:12-cr-00152-CM (S.D.N.Y. 2020) ("Releasing a prisoner who is for all practical purposes deserving of

compassionate release during normal times is all but mandated in the age of COVID-19"); *United States v. Williams*, No. 3:04-cr-95-MCR (N.D. Fla. Apr. 1, 2020) ("Williams' cardiovascular and renal conditions compromise his immune system, which, taken with his advanced age, put him at significant risk for even more severe and life threatening illness should he be exposed to COVID-19 while incarcerated….Based on these facts, the Court finds that Williams' deterioration in physical health is sufficiently serious to satisfy the medical criteria for a reduction in sentence."); and *United States v. Jepsen*, No. 3:19-cr-00073 (VLB), 2020 WL 1640232 (D. Conn. Apr. 1, 2020) ("Mr. Jepsen is in the unique position of having less than eight weeks left to serve on his sentence, he is immunocompromised and suffers from multiple chronic conditions that are in flux and predispose him to potentially lethal complications if he contracts COVID-19, and the Government consents to his release. The Court finds that the totality of the circumstances specific to Mr. Jepsen constitute 'extraordinary and compelling' reasons to grant compassionate release.").

In addition, Robinson submits that the Court does not have the authority to send Robinson to home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, as the Government notes. (DE 53 at 11). However, in granting a motion under 18 U.S.C. § 3582(c)(1)(A), the Court is permitted to impose a term of supervised release that does not exceed the unserved portion of the original term of imprisonment. In doing

so, the Court may order home confinement as a condition of supervised release. *See* 18 U.S.C. § 3583(e)(4).

Accordingly, the Court may properly consider whether to place Robinson on home confinement as a condition of supervised release if it grants Robinson's motion under 18 U.S.C. § 3582(c)(1)(A).

## V. CONCLUSION

This Court has proper jurisdiction to consider Robinson's request for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). Furthermore, Robinson has demonstrated extraordinary and compelling circumstances warranting a reduction in sentence. Under statute, the Court may reduce Robinson's sentence and impose a term of supervised release with the condition that Robinson serve the remainder of his sentence under home confinement.

Based on the foregoing, Robinson respectfully prays that the Court will enter an Order granting his motion and reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

    Respectfully submitted,

    /s/ Jeremy Gordon
    Jeremy Gordon
    Jeremy Gordon, PLLC
    1848 Lone Star Road, Suite 106
    Mansfield, TX 76063
    Tel: 972-483-4865
    Fax: 972-584-9230
    Email: Jeremy@gordondefense.com
    TX Bar No. 24049810

    *Counsel Pro Hac Vice for Robinson*

11

/s/ Joey W. Hendrix
Joey W. Hendrix
Law Office of Joey W. Hendrix
617 Market Street
Shreveport, LA 71101
Tel: 318-220-0070
Fax: 318-220-0022
Email: Hendrixlaw@aol.com

*Local Counsel for Robinson*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was duly served on all counsel of record via the Court's CM/ECF system this 8th day of June 2020.

/s/ Jeremy Gordon