# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 3:18-CR-00228-01** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **ROBERT E. ROBINSON** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Compassionate Release [Doc. No. 46] filed by Robert E. Robinson ("Robinson") on May 18, 2020. The Government filed an initial response to the Motion on May 28, 2020 [Doc. No. 53]. A Supplemental Memorandum was filed by Robinson on June 8, 2020 [Doc. No. 58]. A Supplemental Response was filed by the Government on June 24, 2020 [Doc. No. 62].

This is Robinson's first motion for compassionate release. For reasons set forth herein, Robinson's Motion for Compassionate Release is DENIED.

**I. Background**

On June 5, 2019, Robinson entered a plea of guilty to Possession with Intent to Distribute Marijuana and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. On August 19, 2019, Robinson was sentenced to twelve (12)

months on the Possession with Intent to Distribute Marijuana and to a sixty (60) month consecutive sentence for Possession of a Firearm in Furtherance of Drug Trafficking Crime, for a total of 72 months. Robinson's projected release date is February 29, 2024.

## II. Jurisdiction

On January 3, 2020, Robinson filed an application for compassionate release to the Bureau of Prisons ("BOP"), citing diabetes, kidney disease, and heart issues. The request was denied by the BOP on February 27, 2020. An appeal to the Warden was also denied.

Although it concedes Robinson has exhausted his administrative remedies as to his medical condition, the Government argues that Robinson has not exhausted his administrative remedies with regard to the COVID-19 specific allegations, as Robinson's motion to the BOP filed on January 3, 2020, did not address COVID-19 issues.

Under 18 U.S.C. § 3582(c)(1)(A), a Court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances" consistent with guideline policy statements. Under the statute, as amended by the First Step Act, the Court may act upon motion of the Director of the BOP, or upon motion of the defendant, after the defendant has fully exhausted his administrative remedies.

Therefore, the requirement that an inmate first exhaust his administrative remedies within the BOP is jurisdictional. *United States v. Garcia* 606 F.3d 209 (5th Cir. 2010).

Robinson argues that there is a split among district courts on whether courts may consider additional evidence and arguments that arise after the initial compassionate release request. Robinson also maintains that nothing in the statute precludes the Court from considering factors that arise after the initial compassionate release request, and after the thirty-day wait period elapses.

Since this issue is jurisdictional, this Court believes it does NOT have jurisdiction to determine the COVID-19 specific request. However, this Court does have jurisdiction and will consider the medical conditions cited by Robinson in his Motion for Compassionate Relief. Robinson may address the COVID-19 specific issue after exhausting his administrative remedies with BOP.

### III. Law and Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18

U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Robinson moves to modify his sentence under 18 U.S.C. § 3852(c)(1)(A). Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. Before filing such motions, however, prisoners must exhaust their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is

4

consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

## IV. Extraordinary and Compelling Reasons

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) extraordinary and compelling reasons warrant the reduction; . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as a broader provision for reasons deemed "extraordinary and compelling."

1. Extraordinary and Compelling Reasons.—Provided the defendant

5

meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.

   (ii) The defendant is—

     (I) suffering from a serious physical or medical condition,

     (II) suffering from a serious functional or cognitive impairment, or

(B) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

   (B) Age of the Defendant.—The defendant

>> (i) is at least 65 years old;
>
> (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii)The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr.

24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The only "extraordinary and compelling reason" that would apply in this case is "(A) Medical Condition of the Defendant."

### V. Medical Condition of Defendant

The only extraordinary and compelling reason that applies in this case is "(A) Medical Condition of Defendant." In his request, Robinson maintains he has multiple health conditions, including diabetes, heart issues, and kidney disease.

Title 18, United States Code, Section 3582(c)(1)(A) requires that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission." The Court finds that Robinson's general complaint of diabetes, heart issues and kidney disease is not consistent with extraordinary or compelling circumstances as provided by the policy statement and its commentary. Robinson does not suffer from a terminal illness. He is not suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially

diminishes the ability of the defendant to provide self-care within the…correctional facility." *Id.* at cmt. n.1(A)(ii)(I-III). As such, his alleged medical issues do not meet the extraordinary and compelling standard as set by the policy statement.

Although Robinson does have serious medical issues, Robinson fails to show that his current condition is sufficiently severe to diminish his ability to provide self-care. *See United States v. Mazur,* Crim. Action No. 18-68, 2020 WL 2113613, at *1, 3-4 (E.D. La. May 4, 2020).

### VI. Danger to the community

Robinson must also prove that he would not be a danger to the community, if released. In his request, Robinson maintains he is not a violent offender or any threat to society. Robinson asks for his sentence to be reduced to 10 years of probation with home confinement. The Court must consider whether a prisoner remains a danger to the community before granting compassionate release as required by U.S.S.G. § 1B1.12(2) with reference to 18 U.S.C. § 3142(g). Furthermore, 18 U.S.C. § 3582 and the policy statement requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets out the factors courts must consider in deciding

whether to release a defendant pending trial. The factors weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

The court must consider all pertinent circumstances, including the §3553(a) factors and possible danger to the community. 18 U.S.C. § 3582(c)(1)(A).

Robinson has not demonstrated he will not pose a danger to the community if he was released or that his release comports with the applicable § 3553(a) factors. Robinson's underlying conviction and criminal history both indicate he will pose a danger to the community and that he performs poorly under supervision.

Robinson's underlying conviction is for Possession with Intent to Distribute Marijuana and Possession of Firearms in Furtherance of a Drug-Trafficking Crime. At the sentencing, Robinson was held responsible for approximately 7.8 kilos of marijuana. Of the three firearms that he possessed, one was an Anderson (AR-15 style) pistol loaded with 30 rounds of ammunition. Three AR-15 magazines were recovered as were over 500 rounds of various caliber ammunition. Robinson was already a convicted felon and not supposed to be in possession of firearms. He admitted that he sold marijuana even under supervision with the Louisiana State Probation and had been selling marijuana for five or six years. He said he would bring marijuana from California to sell in the Monroe, Louisiana area because the market was better.

Robinson's criminal history includes a Louisiana 2015 felony conviction for conspiracy to distribute a CDS (marijuana) in which a package containing 7 pounds of marijuana was sent to him from California, for resale. Robinson

11

also has Texas 2017 possession of marijuana (11.5 pounds) conviction. Robinson also has a Louisiana 1997 misdemeanor possession of marijuana conviction and has a 2014 arrest for arrest of a controlled substance in prison.

Additionally, as the Government points out, Robinson filed previously a Motion to Vacate his guilty plea, essentially arguing that he should be allowed to withdraw his guilty plea because marijuana should not be illegal and/or a Controlled Dangerous Substance. Based upon Robinson's history, it is likely Robinson would commit another crime and pose a danger to the community, if released.

Finally, Robinson has only served a fraction of his sentence. At the time he requested compassionate release, the BOP calculated he had only served only 18.2% of his sentence. His projected release date is February 29, 2024. This Court does not believe Robinson has served enough of his sentence to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

## VII. Conclusion

For the above and foregoing reasons,

**IT IS ORDERED** that the Motion for Compassionate Release filed by Robert E. Robinson is **DENIED.**

MONROE, LOUISIANA, this 17th day of July, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

13