**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

**UNITED STATES OF AMERICA**       **CASE NO. 3:18-CR-00228-01**

**VERSUS**       **JUDGE TERRY A. DOUGHTY**

**ROBERT E. ROBINSON**       **MAG. JUDGE KAYLA MCCLUSKY**

**MEMORANDUM ORDER**

Pending before the Court is a Motion to Reduce Sentence or Compassionate Release [Doc. No. 68] filed by Robert E. Robinson ("Robinson") on April 5, 2021. The Government filed a Response to the Motion on April 27, 2021 [Doc. No. 74]. Robinson had previously filed a Motion for Compassionate Release [Doc. No 46] based upon his medical conditions of diabetes, heart issues, and kidney disease on May 18, 2020.[1] Robinson's Motion for Compassionate Release was denied on July 17, 2020, because Robinson's medical conditions did not satisfy the standard of extraordinary and compelling circumstances and because Robinson would pose a danger to the public if released.

For the reasons set forth herein, Robinson's Motion to Reduce Sentence or

---

[1] Robinson's first Motion for Compassionate Release did not address COVID-19 issues.

Compassionate Release [Doc. No. 68] is DENIED.

## I.     Background

On June 5, 2019, Robinson entered a plea of guilty to Possession with Intent to Distribute Marijuana and Possession of a Firearm in Furtherance of a Drug Trafficking Crime.   On August 19, 2019, Robinson was sentenced to twelve (12) months on the Possession with Intent to Distribute Marijuana and to a sixty (60) month consecutive sentence for Possession of a Firearm in Furtherance of Drug Trafficking Crime, for a total of 72 months.   Robinson's projected release date is February 29, 2024.

## II.     Law and Analysis

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Robinson moves to modify his sentence under 18 U.S.C. § 3852(c)(1)(A).  Under § 3852(c)(1)(A)(i), a court may reduce a prisoner's sentence "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018 only the Director of the BOP could file these kinds of compassionate release motions.  In 2018, Congress passed and President Trump signed the First Step Act, which among other actions, amended the compassionate release process.  Under the First Step Act, § 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.  Before filing such motions, however, prisoners must exhaust their administrative remedies.

After a prisoner exhausts his administrative remedies, a district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3852(c)(1)(A)(i).

## III.   Extraordinary and Compelling Reasons

The   Sentencing   Commission's   policy   statement   regarding

3

compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)    extraordinary and compelling reasons warrant the reduction; . . .
>
> (2)    the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3)    the reduction is consistent with this policy statement.

In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling" as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.—

(i)  The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end stage organ disease, and advanced dementia.

(ii) The defendant is—

(I)   suffering from a serious physical or medical condition,

(II)  suffering from a serious functional or cognitive impairment, or

(B) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)    Age of the Defendant.—The defendant

(i) is at least 65 years old;

(ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)    Family Circumstances.—

5

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

In *United States v. Shkambi*, ___ F.3d ___, 2021 WL 1291609 (5th Cir. Apr. 7, 2021), the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on motions filed by defendants on their own behalf after Congress amended § 3582(c)(1)(A) to permit such filings.  The Court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582," and "[t]he district court ... is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Shkambi*, 2021 WL 1291609, at *4.

*Shkambi* does not, however, render §1B1.13 irrelevant with respect to defendant-filed motions under § 3582(c)(1)(A).As the Fifth Circuit recognized even before *Shkambi*, "[a]lthough not dispositive, the commentary to ...§ 1B1.13

informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). And other circuits are in accord. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive."); *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (citing *Gunn* and recognizing "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding").

The defendant bears the burden to establish circumstances exist under which he is eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). *United States v. Ennis*, EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing *United States v. Stowe*, No. CR H-11-803 (1), 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019))); *United States v. Wright*, Crim. Action No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr.

7

24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").

The only "extraordinary and compelling reason" that would apply in this case is "(A) Medical Condition of the Defendant."

## IV.    Medical Condition of Defendant

In his request, Robinson maintains he has multiple health conditions, including diabetes, heart issues, and kidney disease.

Title 18, United States Code, Section 3582(c)(1)(A) provides that extraordinary and compelling reasons that warrant a reduction are "consistent with applicable policy statements issued by the Sentencing Commission." The Court previously found that Robinson's general complaint of diabetes, heart issues and kidney disease is not consistent with extraordinary or compelling circumstances as provided by the policy statement and its commentary. Robinson does not suffer from a terminal illness. He is not suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that "substantially diminishes the ability of the defendant to provide self-care within the…correctional facility." *Id*. at cmt. n.1(A)(ii)(I-III).

Although the policy statements are no longing binding on the Court, it is noted that his alleged medical issues do not meet the extraordinary and compelling standard as set by the policy statement.

Even though Robinson does have serious medical issues, Robinson fails to show that his current condition is sufficiently severe to diminish his ability to provide self-care. *See United States v. Mazur,* Crim. Action No. 18-68, 2020 WL 2113613, at *1, 3-4 (E.D. La. May 4, 2020).

In addressing Robinson's COVID-19 concerns, the Government attached [Doc. No. 75], a copy of Robinson's medical records, which shows that Robinson received his first dose of the Moderna COVD-19 vaccine on April 14, 2021. According to the Centers for Disease Control and Prevention, the vaccines are highly effective at preventing COVID-19 and/or keeping a person from becoming seriously ill, even if they do not contract COVID-19.

Therefore, even though Robinson does have serious medical conditions, there is no extraordinary and compelling reasons supporting compassionate release.

## V.    Danger to the community

This Court previously found [Doc. No. 63] that, based upon Robinson's criminal history, Robinson would be likely commit another crime and pose a

danger to the community if released. Nothing has changed. Robinson must prove that he would not be a danger to the community, if released.  In his request, Robinson maintains he is not a violent offender or any threat to society. Robinson asks for his sentence to be reduced to 10 years of probation with home confinement.  Robinson does not provide any type of release plan. The Court must consider whether a prisoner remains a danger to the community before granting compassionate release as required by U.S.S.G. § 1B1.12(2) with reference to 18 U.S.C. § 3142(g).  Furthermore, 18 U.S.C. § 3582 and the policy statement requires the Court to consider the sentencing factors set forth in 18 U.S.C. § 3553(a).

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors weighing a petitioner's danger to the community include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Similarly, § 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to

consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and

The court must consider all pertinent circumstances, including the §3553(a) factors and possible danger to the community.  18 U.S.C. § 3582(c)(1)(A).

Robinson has not demonstrated he will not pose a danger to the community if he was released or that his release comports with the applicable § 3553(a) factors.  Robinson's underlying conviction and criminal history both indicate he will pose a danger to the community and that he performs poorly under supervision.

Robinson's underlying conviction is for Possession with Intent to Distribute Marijuana and Possession of Firearms in Furtherance of a Drug-Trafficking Crime.  At the sentencing, Robinson was held responsible for approximately 7.8 kilos of marijuana.  Of the three firearms that he possessed, one was an

Anderson (AR-15 style) pistol loaded with 30 rounds of ammunition.  Three AR-15 magazines were recovered as were over 500 rounds of various caliber ammunition.  Robinson was already a convicted felon and not supposed to be in possession of firearms.  He admitted that he sold marijuana even under supervision with the Louisiana State Probation and had been selling marijuana for five or six years.  He said he would bring marijuana from California to sell in the Monroe, Louisiana area because the market was better.

Robinson's criminal history includes a Louisiana 2015 felony conviction for conspiracy to distribute a CDS (marijuana) in which a package containing 7 pounds of marijuana was sent to him from California, for resale.  Robinson also has Texas 2017 possession of marijuana (11.5 pounds) conviction. Robinson also has a Louisiana 1997 misdemeanor possession of marijuana conviction and has a 2014 arrest for arrest of a controlled substance in prison.

Additionally, as the Government points out, Robinson filed previously a Motion to Vacate his guilty plea, essentially arguing that he should be allowed to withdraw his guilty plea because marijuana should not be illegal and/or a Controlled Dangerous Substance.  Based upon Robinson's history, it is likely Robinson would commit another crime and pose a danger to the community, if released.

Finally, Robinson has only served a portion of his sentence.  At the time he requested compassionate release, the BOP calculated he had only served only 37.6% of his sentence. Additionally, sixty (60) months of his sentence were a mandatory sentence. Robinson has only served approximately twenty-seven (27) months. His projected release date is February 29, 2024.  This Court does not believe Robinson has served enough of his sentence to reflect the seriousness of the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

## VI.   Conclusion

For the above and foregoing reasons,

**IT IS ORDERED** that the Motion to Reduce Sentence or Compassionate Release [Doc. No. 68] filed by Robert E. Robinson is **DENIED.**

MONROE, LOUISIANA, this 30th day of April, 2021.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE